We'll move to the third case this morning, United States v. Young. Ms. Boyle Good morning, Your Honors. May it please the Court, Counsel, my name is Katherine Boyle on behalf of the United States. The text of section 404 of the First Step Act, read in light of its purpose, points to one conclusion that a defendant's actual conduct must be considered in determining whether he is eligible for a sentence reduction. That approach places a defendant who is sentenced prior to the enactment of the Fair Sentencing Act in the same, but not a better, position than a defendant who is sentenced after the act. We agree with defense counsel that the purpose of the Fair Sentencing Act here was to restore fairness to federal cocaine sentencing, and that the First Step Act was intended to extend the benefits of the Fair Sentencing Act to defendant sentenced before its enactment. But when the purpose of a law is to fix inequities, the textual interpretation of that law should not inject inequities into it. That is what the defendant's theory does. It deems any crack cocaine offender who is sentenced under the penalties listed in 841B1A or B1B before the enactment of the Fair Sentencing Act eligible for a sentence reduction under section 404, even though similarly situated defendants who are sentenced after the Fair Sentencing Act are not eligible for that reduction. Looking first at the plain language of section 404, section 404B states that a court that imposed a sentence for a covered offense may, on motion of a defendant, impose a reduced sentence as if sections 2 and 3 of the Fair Step Act were in effect at the time the covered offense was committed. Section 404A defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010. That text directs district courts to consider defendants' actual conduct. Congress's inclusion of the word violation in the definition of the covered offense is instructive. If Congress had wanted to make all defendants convicted under 841B1A3 and B1B3 eligible for reduction, it didn't need that term. It could simply have said something like, any defendant convicted under a statute for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. So it matters that Congress directed the courts to consider whether the statutory penalties were in effect. Well, the judge released Mr. Young, isn't that correct? Yes, Your Honor. Mr. Young was released on July 12, 2019. Hadn't he been in 21 years, I think? He had been in a considerable amount of time, Your Honor. Okay, well, he's in kind of a class by himself here. Pardon me, Your Honor? Based on the others that come under this feature, that he's in a class by himself, he was released and no longer questioning whatever discretion the court has as far as confined to the statute about releasing or saying he doesn't get any reduction. Yes, Your Honor, you're correct. This is the only case in which the defendant has been the appellant. In the other two cases coming up this morning, as you know, involving the same issue, the United States is the appellee and the defendants were not released. Okay. Ms. Boyle, if we play your position down the board, how does that place our court in relation to the Fourth Circuit in Worthing, the Sixth Circuit in Bemis, and the Eighth Circuit in MacDonald? Well, in particular, in all of those cases, the government had agreed that the defendant was eligible for a reduction in Bemis-MacDonald and in Worthing. And in all of those cases, the district court had erred based either on saying that the defendant's career offender status wouldn't make them ineligible for a Section 404 reduction or looking at relevant conduct when it should have just been the conduct involved in the offense or I think also looking at whether the defendant's base offense level was really set by powder cocaine versus crack cocaine. But Bemis and MacDonald really don't take a deep dive into the issue. This court should consider those at best to be adverse dicta. And Worthing, additionally, we don't believe looks at the issue in the correct light. It's probably obvious from our briefing. And this, it's not correct to think that the court that first decides an issue, there's no rule that the court that first decides an issue is going to be the court that correctly decides an issue. And there's not even really any rule that the majority of circuit courts deciding an issue will be correct. This court has an independent obligation to construe the law here. And in fact, this court has done that in the past. If you look at this court's discussion of how Johnson applied to the residual clause in 924C3, before this court's decision, the majority of other circuit courts had held differently. This court took a different tack, and that was actually affirmed by the Supreme Court in its Davis decision. So while, of course, decisions from other circuits may be persuasive, we don't think that these are, and in particular where they don't go into an in-depth discussion, and we believe that this court can make an independent determination. We believe that when looking at the text of Section 404, Section 841, along with Section 960, provides additional context as to what the term violation should mean, showing that it refers to the unlawful acts described in Sections 841A and 846. Section 841B, for instance, repeatedly mentions violations of subsection A that have been committed in particular ways, namely violations involving specific quantities of controlled substances triggering specific penalties. That distinction between violation and penalties appears elsewhere also. In Section 847 and 964, they talk about a penalty imposed for a violation of this subchapter. And notably, the federal courts of appeals, including this court, have widely recognized the distinction between the elements of underlying drug offenses and the sentencing elements of Section 841B-1. You're talking about the sentencing guidelines then? No, Your Honor. I'm talking about, for example, in United States v. Cruz, this court recognized that there's a distinction between the elements underlying, say, an 841A violation and then the sentencing element, which we agree that the government would also have to prove at a trial or have the defendant admit, but in 841B. So just a distinction between the sentencing element and the elements underlying sort of the core violation of, say, 841A. Well, the issue is the statutory confinement, that's all, I think, is the least I would say around appeal, isn't that the distinction we're looking at? Pardon me, Your Honor? As opposed to the issue of violation versus this being confined to the statutory analysis, that's all I'm looking at. And by violation, I'm sorry I don't talk very well today, violation, does it have to incorporate the sentencing guidelines? Because sentencing guidelines create a lot of different features, and I just wonder if that is something that you think the court can legitimately take into consideration, or is it confined to whatever it can do under the statute? Your Honor, we believe, and please let me know if I'm not answering your question pertinently. No, you educate me, because I might be stumbling around here the wrong way. We believe that Section 404 permits defendants who have an opportunity for a sentence reduction when the penalties that applied to their violation were modified by Sections 2 and 3 of the Fair Sentencing Act. So in that case, an example of somebody the government would agree it would apply to, let's say you had a defendant pre-Fair Sentencing Act sentenced under Section B1B, and their amount of their offense involves 7 grams of crack cocaine. We would agree that following the Fair Sentencing Act and Section 404 of the First Step Act, that defendant, because the threshold penalties in B1B were changed from 5 grams to 28 grams, that defendant would then be eligible potentially for a discretionary reduction on the part of the district court. So we wouldn't really consider that to involve a guidelines determination so much as a look at the changes to the statutory penalties, well, the changing thresholds in the Fair Sentencing Act. But even under the statute, there's still flexibility left for the district judge, isn't there? Yes, there is, Your Honor, and Section 404C makes it very clear that the district court judge has discretion to... But it's, the amount of crack cocaine is actually an element of the aggravated offense. We believe it's a sentencing element of the offense, and we think that to correctly read the statute of Section 404B, particularly without having a redundancy where it says, violation of a federal criminal statute, the statutory penalties for which, you have statute, statutory penalties for which, in a row, makes it clear that the violation of a federal criminal statute is referring to a violation, say, of 841A. Your Honor, I see I'm almost out of time, but I'd like to answer any additional questions you have. You have two other opportunities to do so. That's right. Thank you, Your Honor. Thank you. Mr. Henderson. Good morning. May it please the court. My name is Peter Henderson. I represent Vincent Young. Good to see you again, Mr. Henderson. Well, I almost didn't recognize you from that side, so it's a change of pace for everybody. The First Step Act essentially says people who were sentenced of crack offenses before 2010, when we were under a different paradigm about how serious these offenses were, are eligible to go before the district court and seek a reduction in the sentence. The district court doesn't have to reduce their sentence. If it finds that they are, in fact, worthy of a reduction in sentence, the district court can adjust that sentence within the statutory range established by the Fair Sentencing Act. And that corresponds to their offense. We read in Section 404B that we're talking about a court that imposed a sentence for a covered offense. We're talking about offenses. We're talking about statutory violations, as I think Judge Mannion, you were trying to get at. We're not talking about the underlying criminal conduct. We're talking about what was each defendant, in our case, Mr. Young, what was he convicted of. He was convicted under 21 United States Code Section 841A1 and Section 841B1A because the government alleged and proved, beyond a reasonable doubt, that he possessed with intent to distribute more than 50 grams of crack. Now, under the Fair Sentencing Act, that violation, that offense, is now punishable by a lower statutory range because in order to get the higher statutory range, you have to prove more than 280 grams. And so his offense didn't change between 1998 and 2010 and 2019. His offense, the aggravated offense, is possession with intent to distribute more than 50 grams of crack cocaine. Under the Fair Sentencing Act, that's now punishable by a lower statutory range, which means that the court that imposed that sentence for that offense may now impose a reduced sentence, as if the Fair Sentencing Act were in effect. But the whole regime sets up really a discretionary sort of system. It's up to the district judge to weigh this. We had a very interesting discussion. We've had a lot of these motions in our district with Chief Judge Darrow recently, where the government made essentially the same argument but on discretionary grounds, sort of in the alternative, to say, well, look, even if you accept what the defendant is saying here, you're going to cause disparities. There's going to be an inequity if we don't apply these mandatory minimums, that we would have charged them with something more. We would have charged them with a new offense. And that's a discretionary call for the district court to make, to say, on the one hand, the guidelines are much lower. The guidelines maybe go below the mandatory minimum sentence that was established earlier. But on the other hand, the government is saying we would have charged them with the same thing. We would have tried to establish the same mandatory minimum sentence. It's up to the district judge to weigh that. Here the district judge reasonably weighed those factors and determined that a sentence reduction was appropriate. So I think the main dispute is, does a violation of a federal criminal offense refer to the actual facts of what happened, or does it refer to a violation of the statute? Further, Mr. Henderson, further to that. So these cases are coming fast and furious across the country. I referenced to Ms. Boyle the three of other appellate decisions. Our court is going to pronounce on it, and we've got three different sets of, actually five different sets of circumstances, given all the defendants. So we're looking to some neutral font of authority that's going to make a decision on this. Statutory canons, canons of interpretation, things like that. Is there a certain argument or source of authority you're asking us to go to to decide that? A certain canon or a certain – it wouldn't be a case because the cases are all over. Right, right. I mean, so currently the other circuits are in agreement with us. We mentioned in our brief about 90% of the district courts have agreed with us. So in terms of what's the reasonable reading of this, we think ours is the better one. It's hard to argue with 90%. It's hard to argue with 90%, but as Ms. Boyle directly points out, 100% has been reversed by the Supreme Court. So that's not just positive. But when you look at the – I hate to say plain language because obviously we have different readings of this. But when you look at the Supreme Court cases that talk about what is a violation, we cited a number of recent Supreme Court criminal cases. Rahay, for example, talks about what does it mean to violate Section 922G. And what the Supreme Court just said was a violation means facts that establish each element. When we talk about a violation of a federal offense, we're talking about conduct that is prescribed by the elements of a particular offense. And so I think that that's really the best way to see it is what are the elements of the offense here? Because there are so many different considerations that might go into whether you plead guilty, whether you go to trial, how you're sentenced. It's very difficult to parse out in the universe of cases, not necessarily this case, but in all cases, what exactly the defendant did because there were different incentives. Back in 1998, Mr. Young had no incentive to contest that this was more than 280 grams. His only incentive was does it meet 50 grams? If it does, then I should plead guilty. We'll see that later in Mr. Greer's case in particular. But when we talk about what does it mean to be a violation of a federal criminal offense, the Supreme Court has routinely said it is conduct that meets the elements that are prescribed by the statute. The government's best case on this is the Sedema case, which comes from 1985. It's a civil RICO case. And even it is saying that when we talk about violations, we're talking about conduct that fails to live up to the legal requirements. So it's not just conduct. Violation, I don't think, has ever been interpreted to mean just conduct. A violation of a federal criminal statute means conduct that meets the elements of that statute. And so at the end of the day, it's quite simple. I think Senator Durbin, who authored this bill, put it pretty simply, which is we just want individualized reviews. This is a district court discretionary sort of review. The other thing that I'd emphasize too is there aren't the limits that we typically see with sentence reduction motions. So over the past decade, we've seen these sentence reduction motions come up in drug cases over and over. Those were because the guidelines changed. And so when the guidelines change, there's a mechanism that is subject to a number of rules about whether a court can reduce a sentence and to what extent. The First Step Act is very different. It's a piece of legislation from Congress rather than an amendment by the Sentencing Commission. And it's open-ended. It really places no constraints on what a district court may do in terms of reducing a sentence. All it says is that the district court has to impose a sentence in accordance with the Fair Sentencing Act. And you point out in terms of reducing, there's no increased threat here. There's no increased threat, exactly. And that's why we get into, is it a sentence reduction? Is it a resentencing? It falls somewhere in between those two because there's no threat of an increase. But clearly what Congress was doing here is saying, if you're convicted of one of these offenses before the law changed, go to the district court. You can ask to have your sentence reduced. They can say no. They can say yes, so long as it's within the statutory range that now applies. So we'll have a chance to speak a little bit later, but we would ask that the court affirm this judgment. Judge Myerscoff reasonably released this person after 21 years. There's no sense in putting him back in prison. Thank you. Thank you, Counselor. I think you've exhausted your time. I'll be up again. What? I said, I have your honor, but I'll be up again. Oh, okay. Yeah, I'm sure you will. All right. Thank you very much, both counsel. And we move to the…